IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRETT DERKACH, | |
| Plaintiff, | **4:19CV3008** |
| vs. | **MEMORANDUM AND ORDER** |
| POSTELL ASSOCIATES, INC., doing business as G-Force Racing Gear, | |
| Defendant. | |

This matter is before the court on Defendant Postell Associates, Inc's (hereinafter "G-Force")'s Motion to Dismiss with prejudice pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6) (Filing No. 8) and Plaintiff Brett Derkach's Motion to Transfer this case to the United States District Court for the Northern District of Georgia.  (Filing No. 12). The parties have each filed briefs opposing the other party's motion. For the reasons stated below, the Motion to Transfer will be granted. The Motion to Dismiss will remain pending for consideration and ruling by the Northern District of Georgia.

BACKGROUND

Plaintiff Derkach is a resident of Saskatoon, Canada. (Filing No. 1 at CM/ECF p. 1). Defendant G-Force is a motorsport racing equipment company with its principal place of business in Roswell, Georgia. (Id. at 2, Filing No. 9-8). G-Force has one distributor in Nebraska, Speedway Motors. (Filing No. 9-4 at CM/ECF p. 2). Summit Racing Equipment (Summit) is a G-Force customer, and an authorized dealer of G-Force parts. Summit has retail locations in Ohio, Nevada, Georgia, and Texas. (Filing No. 9-8 at CM/ECF p. 3).

On June 4, 2018, Derkach filed a products liability lawsuit against "G-Force Racing Gear" in the Lancaster County District Court. (Filing No. 9-2). In his complaint, he alleged that on June 21, 2014, he participated in a racing competition in Lincoln, Nebraska. The vehicle he operated was equipped with a camlock harness (seatbelt) manufactured by G-Force, which was purchased from a Summit retail store in Ohio. (Filing No. 9-2 at CM/ECF p. 2, Filing No. 9-4 at CM/ECF p. 1)) Derkach alleged that the seatbelt did not operate properly and prevented him from exiting the vehicle after it caught on fire. He alleges that as a result, he "suffered severe, disabling injuries, including burns and smoke inhalation, as well as pain, suffering, and emotional distress." (Filing No. 9-2 at CM/ECF p. 2). Derkach alleged claims for manufacturing defects, design defects, breach of the warranty of merchantability, failure to warn, and negligence. An Amended Complaint was filed on August 8, 2018, amending the name of the defendant to "Postell Associates d/b/a/ G-Force Racing Gear."

On December 6, 2018, the Lancaster County District Court sustained G-Force's motion to dismiss and dismissed the case without prejudice. (Filing No. 9-4). The Lancaster County District Court found that "Nebraska's interest in a product liability dispute between a resident of Saskatoon, Canada and a Georgia corporation arising from a product purchased outside of Nebraska is slight." (Filing No. 9-4 at CM/ECF p. 18). Further, the court found that a stream-of-commerce theory to establish personal jurisdiction over a defendant is inapplicable because Derkach presented no evidence that G-Force actually sold seatbelts in Nebraska. (Filing No. 9-4 at CM/ECF p. 17).

A complaint was filed in this court on February 1, 2019, alleging this action is properly filed "in accordance with the savings clause under Neb. Rev. Stat. § 25-201.01." (Filing No. 1). The claims alleged in this proceeding are substantially the

same as those raised in the Lancaster County District Court.[1] Derkach added allegations that G-Force has a distributor in Nebraska, namely Speedway Motors, and that "Upon information and belief, G-Force sold seatbelt harnesses like the one at issue through Speedway Motors." (Filing No. 1 at CM/ECF p. 2). Derkach removed the paragraphs included in the state court complaint which alleged that the seatbelt was purchased from Summit, and that Summit is an authorized dealer of G-Force racing gear.  (Filing No. 1, Filing No. 9-2 at CM/ECF p. 2).

On March 18, 2019, G-Force moved for dismissal with prejudice under Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6). (Filing No. 8). G-Force asks the court to dismiss this action under Fed. R. Civ. P. 12 (b)(2) for lack of personal jurisdiction in Nebraska. In the alternative, G-Force asserts that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Derkach has filed a case upon which relief cannot be granted. Specifically, G-Force argues that Derkach filed his lawsuit in Nebraska to circumvent Georgia's two-year statute of limitations[2] on product liability actions, as Nebraska's statute of limitations for a similar claim is four years[3].

---

[1] The complaint alleged claims for design and manufacturing defects, breach of warrant of merchantability, failure to warn, and negligence. (Filing No. 1).

[2] "Except as otherwise provided in this article, actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues." Ga. Code Ann. § 9-3-33.

[3] "All product liability actions, except one governed by subsection (5) of this section, shall be commenced within four years next after the date on which the death, injury, or damage complained of occurs." Neb. Rev. Stat. Ann. § 25-224(1).

Derkach's brief in opposition to G-Force's Motion to Dismiss states "While Derkach does not concede that this Court lacks personal jurisdiction over [G-Force] in this matter, for purposes of this brief and the Motion to Transfer, he accepts [G-Force's] assertion that personal jurisdiction and venue are proper in Georgia." (Filing No. 15). As a result, Derkach requested that the court grant his motion to transfer this case to United States District Court for the Northern District of Georgia, "for trial of this matter under Nebraska law." (Id.). Derkach's response to the motion to dismiss was filed the same day as his Motion to Transfer. (Filing No. 12).

Derkach's brief in opposition to G-Force's motion to dismiss incorporates, by reference, the arguments made in his motion to transfer and supporting brief. In his brief in support of the motion to transfer, Derkach states:

> While Derkach contends that personal jurisdiction and venue are proper in Nebraska, because [G-Force] has conceded venue and jurisdiction are proper in Georgia, rather than argue the issues of personal jurisdiction and venue, Derkach requests that this Court transfer the case to Georgia. Assuming for argument's sake that jurisdiction is not proper in Nebraska, in the interest of justice, the case should be transferred to Georgia where [G-Force] has admitted venue and jurisdiction are proper.

(Filing No. 14 at CM/ECF p. 3)

ANALYSIS

I. Personal Jurisdiction

In determining whether personal jurisdiction over a nonresident defendant exists, the Court must determine whether: (1) the requirements of Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536 are satisfied; and, (2) the exercise of jurisdiction is permitted by the Due Process Clause of the Fourteenth Amendment.

See Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007). Because § 25-536 extends jurisdiction over nonresident defendants to the fullest degree allowed by the Due Process Clause, the court need only determine whether the assertion of jurisdiction offends constitutional limits. See Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003).

The Supreme Court "recognize[s] two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." Bristol-Myers Squibb Co. v. Superior Court, 137 S. Ct. 1773, 1779-80 (2017) (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) ); see also BNSF Ry. Co. v. Tyrrell, 137 S. Ct. 1549, 1558 (2017). "'Specific' or 'case-linked' jurisdiction 'depends on an affiliation[n] between the forum and the underlying controversy....'" Walden v. Fiore, 571 U.S. 277, 283 n.6 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) ). "This is in contrast to 'general' or 'all purpose' jurisdiction, which permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (e.g., domicile)." Walden, 571 U.S. at 283 n.6. Under either theory, due process requires that a nonresident defendant have "certain minimum contacts ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Id. (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

G-Force argues that its lack of contacts with the State of Nebraska rendered it unable to foresee that it would be required to defend a case filed in a Nebraska forum, and that pursuing the case in a Nebraska forum would offend all notions of fair play and substantial justice. When challenged, "the plaintiff bears the burden to show that jurisdiction exists." Aly v. Hanzada for Imp. & Exp. Co., LTD, 864 F.3d 844, 848 (8th Cir. 2017)(quoting Fastpath, Inc. v. Arbela Technologies Corp., 760 F.3d 816 (8th Cir. 2014). To successfully survive a motion to dismiss challenging

personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant. Fastpath, 760 F.3d at 820.

In his briefs and motions, Derkach concedes that jurisdiction and venue are proper in Georgia, and he declines to argue whether this court has personal jurisdiction. These statements cannot be construed to meet Derkach's burden of showing a prima facie case for personal jurisdiction in Nebraska. However, the pleadings as well as the affidavits and exhibits supporting or opposing the motion are relevant and the evidence must be viewed in the light most favorable to the plaintiff. See Fastpath; see, also, K-V Pharm. Co. v. J Uriach & CIA, S.A, 648 F.3d 588 (8th Cir. 2011). This court must therefore consider whether, based upon the facts and evidence presented, Derkach has met his burden.

A.  General Jurisdiction

Derkach argues, generally, that G-Force products are regularly sold by Speedway Motors and therefore G-Force has an on-going presence in Nebraska. Having substantial continuous and systematic contacts with the forum implicates general jurisdiction. See BNSF Ry. Co. v. Tyrell, 137 S.Ct. at 1558. However the Supreme Court has clarified that, with respect to corporations, "the inquiry under Goodyear, is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so 'continuous and systematic' as to render [it] *essentially at home* in the forum State." Daimler AG v. Bauman, 571 U.S. 117 at 138 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011).

For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. See Daimler, 571 U.S. at 137. "The

'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principle place of business." BNSF Ry. Co. v. Tyrell, 137 S.Ct. at 1558.

Postell Associates, Inc. d/b/a/ G-Force Racing Gear is a Georgia corporation with its principle place of business in Roswell, Georgia. Nebraska is not the paradigm forum for the exercise of general jurisdiction over the defendant. Although the paradigm forum may not be the only appropriate forum, the record shows that G-Force's sales of racing products to a single distributor in Nebraska do not establish a relationship to this state that is "so continuous and systematic" so as to render G-Force "essentially at home" in this forum.  See Daimler, 571 U.S. at 137. G-Force is therefore not subject to the court's general personal jurisdiction.

B. Specific Jurisdiction

Specific jurisdiction is "very different" from general jurisdiction. Bristol-Meyers Squibb Co., 137 S. Ct. at 1773, 1780. (2017). Specific jurisdiction encompasses cases in which the suit "arise[s] out of or relate[s] to the defendant's contacts with the forum." Daimler at 127. There must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum State." Bristol-Meyers at 1780. Accordingly, in deciding whether a forum State may assert specific jurisdiction over a nonresident defendant, the court "focuses on the relationship among the defendant, the forum, and the litigation." Walden, at 284.

To determine the sufficiency of a nonresident's contact with the forum state, the court considers: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of [the forum state] in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." Dairy Farmers, 702 F.3d

at 477 (quoting K–V Pharm., 648 F.3d at 592). "Sufficient minimum contacts requires some act by which the defendant 'purposely avails itself of the privilege of conducting activities within the forum state.'" Fastpath, at 821. "For a state to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Walden at 284. The aim of the "purposeful availment" doctrine is to ensure that an out-of-state defendant is not bound to appear to account for merely "random, fortuitous, or attenuated contacts" within the forum state. Burger King Corp v. Rudzewicz, 471 U.S. 462 (1985).

As previously discussed, it is undisputed that Postell Associates, Inc. d/b/a/ G-Force Racing Gear is a Georgia corporation, with its principle place of business in Georgia. Although the accident occurred in Nebraska, G-Force's suit-related conduct in this case involves the design, manufacture, and sale of the seatbelt, none of which bears any relationship to Nebraska. The evidence shows that G-Force has made repeated sales to a Nebraska distributor since 2012, but there is no evidence that Derkach's claims arise from these sales. Further, there is evidence that the allegedly defective part has never been sold in Nebraska by Speedway, the only distributor of G-Force products in the state.[4] The defendant lacks the requisite contacts with Nebraska in this case. Therefore, this forum lacks specific personal jurisdiction over the named defendant.

## II. Transfer

This case was initially filed in the Lancaster County District Court and later refiled in this court. Plaintiff now requests that this case be transferred to the United

---

[4] As sworn by Joan Postell, President and Owner of Postell Associates, Inc. (Filing No. 9-8 at CM/ECF p. 2).

States District Court for the Northern District of Georgia. Pursuant to 28 U.S.C. § 1406(a):

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

Section 1406(a) allows dismissal or transfer only when venue is "wrong" or "improper" pursuant to federal venue laws. Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S.Ct. 568 (2013). Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The defendant is not a resident of this State, and although the accident occurred in Nebraska, the products liability claims relate to the design, manufacture, and sale of the allegedly defective product, none of which are alleged to bear a relationship to this State. As previously discussed, G-Force is not subject to this court's personal jurisdiction. In short, venue is "wrong" in Nebraska for the purposes of transferring this case. The decision on whether to transfer or dismiss under 28 U.S.C. § 1406(a) is therefore based on the "interests of justice." Turner v. Werner Enterprises, Inc., No. 8:09CV130, 2009 WL 2358348, at *2 (D. Neb. July 23, 2009), citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962). Generally, a transfer pursuant to § 1406 to remove a procedural obstacle such as lack of

personal jurisdiction is favored over dismissing an action because transfer facilitates the adjudication of a dispute on its merits. Turner, citing Lafferty v. St. Riel, 495 F.3d 72 (3rd Cir. 2007).

Derkach argues for transfer, rather than dismissal, arguing that he had good cause to file in Nebraska. Derkach alleges that he attempted to find and serve G-Force in the state in which it is incorporated, but "after diligent search no place of incorporation for G-Force Racing Gear or any company associated therewith could be located with any Secretary of State." (Filing No. 12 at CM/ECF p. 2, Filing 13-1). He elected to file this action in Nebraska because Nebraska was the site of the accident, and numerous witnesses are located in Nebraska, including medical providers and the hosts of the racing competition. After the original filing, Derkach learned that Postell Associates, Inc., a Georgia corporation, was doing business as G-Force Racing Gear. He argues that it would "contravene fundamental fairness, public policy, and justice" to dismiss the claim because it was timely filed under the substantive law of Nebraska. (Filing No. 14 at CM/ECF p. 4).

G-Force asserts this action should be dismissed for lack of personal jurisdiction, and because the case was not filed within the applicable statute of limitations under Georgia law. In addition, G-Force argues transfer is futile and dismissal is the appropriate remedy under either 28 U.S.C. 1631 or § 1406(a). G-Force applies a choice of laws analysis, arguing that even if transferred to Georgia, this case would be dismissed.

As this court lacks personal jurisdiction, no choice of laws analysis—particularly one which could result in a ruling on the merits--will be applied by this court. Since this court lacks personal jurisdiction, it should not make a dispositive ruling on G-Force's motion to dismiss or as a basis for deciding whether to transfer the case to a forum which has jurisdiction. In the interest of justice, this case will be transferred.

IT IS ORDERED:

1) Plaintiff's Motion to Transfer (Filing No. 12) is granted. The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a).

2) Defendant's Motion to Dismiss remains pending for consideration and ruling by the United States District Court for the Northern District of Georgia. (Filing No. 8).

June 5, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge